David N. Chandler, Jr. SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 528-4331

Attorney for William D. Butler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>WILLIAM DOKOS BUTLER and<br>ANNE HARMSEN BUTLER,<br><br>Debtors. / | CASE No. 25-51814 CMP<br><br>CHAPTER 11<br><br>APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER, AFFIDAVIT OF PROPOSED ATTORNEY TO BE EMPLOYED UNDER GENERAL RETAINER |

TO: HONORABLE CARA MASAKO PORTER, JUDGE, UNITED STATES BANKRUPTCY COURT:

The Application of William D. Butler, Debtor herein, respectfully represents:

1. Applicant is one of the joint-Debtors in the above-captioned Chapter 11 proceeding. The other debtor, is Mr. Butler's ex-wife, Anne Harmsen Butler.

2. Applicant William D. Butler wishes to retain DAVID NYLE CHANDLER P.C., a professional corporation employing an attorney duly admitted to practice in this Court, retroactive to August 12, 2026, to represent him as general counsel before this Court in the above-captioned case.

3. To the best of Applicant's knowledge, DAVID NYLE CHANDLER

P.C., does not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, and represents no interest adverse to the estate in the matters upon which it is to be retained, except as may be stated in the Affidavit of David N. Chandler, Jr. filed herewith.

4. Applicant wishes to retain DAVID NYLE CHANDLER P.C. retroactively to August 12, 2026. See In re Atkins (9th Cir. 1995) 69 F.3d 970, 974, discussing factors courts consider in evaluating whether to approve retroactively the employment of a professional. Applicant expressly contracted with DAVID NYLE CHANDLER P.C. for legal services related to the within Chapter 11 case. Applicant approves entry of an order approving retroactively the employment of DAVID NYLE CHANDLER P.C. To the best of Applicant's knowledge, DAVID NYLE CHANDLER P.C. will provide notice of the application to creditors and parties in interest and provide an opportunity for filing objections. To the best of Applicant's knowledge, DAVID NYLE CHANDLER P.C. satisfied the criteria for employment pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014. To the best of Applicant's knowledge, DAVID NYLE CHANDLER P.C. has performed work properly, efficiently and to a high standard of quality. To the best of Applicant's knowledge, no actual or potential prejudice will result to the estate or other parties in interest from entry of an order approving retroactively the employment of DAVID NYLE CHANDLER P.C. Applicant's inability to seek pre-employment approval for DAVID NYLE CHANDLER P.C. is explained primarily by DAVID NYLE CHANDLER P.C. substituting into the within case which was filed on November 20,

2025, the Order Denying Application to Employ Daniel W. Chudleigh as Bankruptcy Counsel having recently been entered on September 7, 2026 [Doc. # 69] and also that work performed between August 12, 2026 and the present time was necessary for DAVID NYLE CHANDLER P.C. to familiarize itself with the case. Applicant exhibited no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

WHEREFORE, it is respectfully requested that the Debtor be authorized to employ, retroactively to August 12, 2026, DAVID NYLE CHANDLER P.C. under a general retainer agreement, to represent Debtor in the above-captioned case before this Court, and that Debtor have such other and further relief as is just and proper.

Dated: 9/16/2026

*<u>/s/ William D. Butler</u>*
WILLIAM D. BUTLER, Debtor

AFFIDAVIT OF PROPOSED ATTORNEY TO
<u>BE EMPLOYED UNDER GENERAL RETAINER</u>

DAVID N. CHANDLER, JR., being duly sworn, deposes and says:

1. I am an attorney at law, admitted to practice before all courts of the State of California, as well as this Court. I maintain an office at 1747 Fourth Street, Santa Rosa, California.

2. Insofar as I have been able to ascertain, I do not, nor does any member/employee of my firm, DAVID NYLE CHANDLER P.C., have any connection with the Debtor, William D. Butler, his creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee except as stated herein.

3. Insofar as I have been able to ascertain, I do not

represent any interest adverse to that of the estate of the debtor in the matters upon which I am to be engaged. I have no connections with any creditors insofar as known and represent no interests and have no interests except as stated herein.

4. The connections set forth herein are intended to comply with the disclosure requirements of Section 327 as set forth in In re Park Helena Corp., 63 F.3d 877, 882 (9th Cir. 1995).

5. The following connections exist between the Declarant and the Debtor herein:

a. The Debtor and I had an attorney client relationship prior to the within Application upon consultation; and

b. Declarant and Debtor have electronic connections through internet service providers and telephone systems.

6. The forgoing connections set forth in paragraph 5 hereof are the only connections known to the Declarant which Declarant has with the Debtor.

7. The following connections exist between the Declarant and creditors of the Debtor herein:

a. Declarant currently, and has in the past, represent[ed] debtors in unrelated matters who [which] have creditors in common with the Debtor herein and have discharged all or a portion of the claims of such creditors; and

b. Declarant may have creditors in common with the Debtor, e.g., Pacific Gas and Electric Company, and IRS.

8. Declarant has no known connections with any creditor in the case their attorneys or accountants, except as set forth in paragraph 7 hereof.

9. Based on the foregoing, I am a disinterested person within the meaning of Section 101(13) and 327 of the Bankruptcy Code. DAVID NYLE CHANDLER P.C. is disinterested.

10. I am qualified to represent the Debtor generally herein, and am willing to accept employment on the basis set forth in the annexed application.

11. I was admitted to the practice of law in January, 2005. The majority of legal work I performed since my admission to the practice of law relates to bankruptcy cases. I mostly represent debtors, although I have done a significant amount of work representing creditors and interest holders. I represented debtors in involuntary cases as well as voluntary cases filed under Chapter 7, Chapter 11, Chapter 12 and Chapter 13 of Title 11 and appeared on matters before most Judges presiding over courts in the United States Bankruptcy Court, Northern District of California.

12. My hourly rate is $550.00 per hour for my time, and $135.00 per hour for paralegal time.

13. On September 11, 2026, Stephen Harmsen, who I understand is the father of Anne Harmsen Butler and the former father-in-law of William D. Butler, paid my office a retainer for legal services in the amount of $30,000. My understanding is that the payment was a gift to Mr. Butler.

14. I will not represent the Debtor in any matter in which the Debtor’s interest is adverse to that of the bankruptcy estate.

15. I understand that the retainer may only be drawn upon after approval of compensation under §§ 330 and 331.

16. Declarant advised the Debtor of my willingness to serve as

its counsel under a general retainer based on time and standard billable charges.

17. The Debtor’s inability to seek pre-employment approval for DAVID NYLE CHANDLER P.C. is explained primarily by DAVID NYLE CHANDLER P.C. substituting into the within case which was filed on November 20, 2025, the Order Denying Application to Employ Daniel W. Chudleigh as Bankruptcy Counsel having recently been entered on September 7, 2026 [Doc. # 69] and also that work performed between August 12, 2026 and the present time was necessary for DAVID NYLE CHANDLER P.C. to familiarize itself with the case.

18. Work performed by DAVID NYLE CHANDLER P.C. has been performed properly, efficiently and to a high standard of quality.

19. DAVID NYLE CHANDLER P.C. will provide notice of the application to creditors and parties in interest and provide an opportunity for filing objections.

Dated: 9/16/2026

*/s/ David N. Chandler, Jr.*
DAVID N. CHANDLER, JR.
Attorney for William D. Butler