David N. Chandler, Jr. SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 528-4331

Attorney for William D. Butler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 25-51814 CMP |
| WILLIAM DOKOS BUTLER and ANNE HARMSEN BUTLER, | CHAPTER 11 |
| Debtors. / | SUPPLEMENTAL DECLARATION OF DAVID N. CHANDLER, JR. IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER |

I, David N. Chandler, Jr., declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. I am an attorney duly licensed to practice before all courts in the State of California.

3. My office was retained by William D. Butler, debtor herein, to represent him in the within Chapter 11 case.

4. I was first contacted by William D. Butler on August 12, 2026 about substituting into this case. The subjects discussed included the circumstances of the case and Mr. Butler’s need for counsel to substitute in the place and stead of Brent D. Meyer. It was apparent from the start that there were aspects of the case that were time-sensitive, so I took action quickly to better serve the

interests of Mr. Butler and the bankruptcy estate.

5. Immediately following my call with Mr. Butler, I contacted Mr. Meyer to discuss the case. Amongst other things, most of which is subject to the attorney-client privilege, I was advised of facts which in my opinion potentially constitute a conflict of interest between Mr. Meyer and the Debtors. It was clear that it would make no sense for me to substitute into the same problem that Mr. Meyer had by representing both Debtors.

6. After consulting with the Debtor and Mr. Meyer, it was agreed between Mr. Butler and I that I would substitute into the case as Mr. Butler’s attorney, and further that co-debtor Anne Harmsen Butler would either be pro se in the case or she would retain her own counsel.

7. Between August 12, 2026 and September 11, 2026, the date I received payment of the retainer trust deposit, I rendered services to Mr. Butler including the review of the docket, pleadings filed in the case, other documents relevant to the case and conferred with Mr. Meyer and Mr. Butler concerning the transition from Mr. Meyer representing Mr. Butler to my office representing Mr. Butler. In my experience in representing clients over the past 22-years, the review of documents and communication between out-going counsel and incoming counsel is customary and necessary to ensure a smooth transition. I rendered approximately 3-hours of legal services on behalf of Mr. Butler between August 12, 2026 and September 11, 2026.

8. While I waited for payment of the agreed retainer trust deposit, I was completely unaware of the Application to Employ filed

by Daniel W. Chudleigh. What I later learned was that the retainer trust deposit was not paid to my office until after Mr. Chudleigh’s Application was denied.

9. Following my receipt of the retainer trust deposit, I prepared the Application to Employ Attorney Under General Retainer, the Affidavit of Proposed Attorney to be Retained under General Retainer and the [proposed] Order thereon. On September 16, 2026, I transmitted the Application to Employ Attorney Under General Retainer, the Affidavit of Proposed Attorney to be Retained under General Retainer and the [proposed] Order thereon to the United States Trustee by email. In the email, I invited the United States Trustee to communicate any opposition it had to the proposed employment and advised that I intended to file the Application 7-days later, on September 23, 2026. A true and correct copy of the email (sans attachments) is attached hereto as Exhibit A. I received no opposition from the United States Trustee and the Application was filed and the [proposed] order was submitted on September 23, 2026. I employed the same process that I have for over 20-years.

10. During the period of time from September 11, 2026 until the date of this declaration, I rendered services totaling approximately $12,000 on Mr. Butler’s behalf, primarily in connection with the Application to Employ, a yet-to-be-filed motion for sale of real property and the Order Regarding Application to Employ David Nyle Chandler P.C. as Bankruptcy Counsel [Doc. # 76] (the “Order”). I now need to pause any work in the case due to the employment issues raised by the court in the Order. The delay is unfortunate given the time sensitive nature of the proposed

purchase/sale terms, a secured creditor having been granted relief from the Automatic Stay to foreclose its Deed of Trust and another creditor filing a motion to dismiss the case.

11. As to the issues referenced in the Order:

a. The joint Debtors require separate counsel due to their post-petition divorce. I have not discussed the matter with Anne Harmsen Butler because she is retained by counsel, Mr Chudleigh. Mr. Chudleigh signed the Substitution of Attorneys for Mr. Butler, which was filed on September 18, 2026 [Doc. # 70]. I am not aware of any rule or other reason that would prohibit joint-debtors in a Chapter 11 case from having separate counsel.

b. The Application to Employ Attorney Under General Retainer, Affidavit of Proposed Attorney to be Retained under General Retainer does, in fact, address potential connections or disinterestedness as to the co-debtor. The Application provides:

> "Insofar as I have been able to ascertain, I do not, nor does any member/employee of my firm, DAVID NYLE CHANDLER P.C., have any connection with the Debtor, William D. Butler, his creditors, or <u>any other party in interest or their respective attorneys and accountants</u>, the United States Trustee or any person employed in the Office of the United States Trustee except as stated herein."

Doc. # 72, emphasis added. Lest there be any remaining doubt, I have no connections with Anne Harmsen Butler other than my representation of William D. Butler, common electronic connections through internet service providers and telephone systems and perhaps having creditors in common with her, e.g., Pacific Gas and Electric Company, and IRS. To the best of my knowledge, I hold no interest adverse to the estate in matters upon which me and my office are to be retained.

c. The reason the Application to Employ Attorney Under

General Retainer requests nunc pro tunc relief is because the exigencies of the case required that I immediately confer with Mr. Butler and Mr. Meyer and review relevant documents and pleadings to ensure a smooth transition and move forward quickly on the motion for sale of real property given the time sensitive nature of the matter. I was not in a position to submit the Application prior to my receipt of the retainer trust deposit on September 11, 2026, which was a Friday. By the following Wednesday, the Application was prepared, the requisite signature(s) were obtained and the Application was presented to the United States Trustee. The timing of the payment to my office of the retainer was beyond my control.

d. The only relevant notice requirement that I am aware of for an application to employ attorney is set forth in Bankruptcy Rule 2014(a), and I complied with it. BLR 9014-1 does not typically apply to applications to employ professional persons as far as I know. Barring reconsideration of the notice provisions in the Order, I intend to comply with it because I believe the circumstances of the case require that at least one debtor be represented by counsel. I nonetheless have concerns about the 21-day notice period applicable to BLR 9014-1 given the proposed purchase/sale terms, a secured creditor having been granted relief from the Automatic Stay and Bank of America’s Motion to Dismiss.

12. The benefit to the estate of services rendered by my office, the reasonableness of fees requested and the potential for attorneys for the joint-Debtors to render duplicate services are legitimate issues. However, in my experience, these are issues that are addressed in the context of an application for compensation

under § 330. I intend to render services that are beneficial to my client and the bankruptcy estate, I intend to make a reasonable fee request for compensation and I will do everything I can to avoid rendering services that duplicate other services rendered by any attorney representing Anne Harmsen Butler.

Executed under penalty of perjury this 30th day of September, 2026 at Sonoma County, California.

*/s/ David N. Chandler, Jr.*
DAVID N. CHANDLER, JR.

**Dave Chandler**

---

| | |
|---|---|
| **From:** | Dave Chandler |
| **Sent:** | Wednesday, September 16, 2026 5:08 PM |
| **To:** | ustpregion17.sf.ecf@usdoj.gov |
| **Subject:** | 25-51814 CMP, William Dokos Butler and Anne Harmsen Butler - Application to Employ Attorney, Affidavit of Proposed Attorney; and [proposed] Order thereon |
| **Attachments:** | Qlfy Atty App.pdf; Qlfy Atty App_Ordr.pdf |

Greetings:

Attached hereto are the Application to Employ Attorney Under General Retainer, Affidavit of Proposed Attorney to Be Employed Under General Retainer; and the [proposed] Order Authorizing Employment Under General Retainer in the William Dokos Butler and Anne Harmsen Butler Chapter 11 matter. My office intends to file the Application on September 23, 2026.

Please advise as to any opposition you may have. Thank you.

David N. Chandler, Jr.
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

THIS MESSAGE IS FOR THE EXCLUSIVE AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT. It may be an attorney-client communication and, as such, is privileged and confidential. If you are not the intended recipient, do not read, copy, use, or disclose this communication to others. If you have received this message in error, please immediately notify the sender by replying to this message, and then promptly delete it from your system. Thank you.