David N. Chandler, Jr. SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 528-4331

Attorney for William D. Butler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>WILLIAM DOKOS BUTLER and<br>ANNE HARMSEN BUTLER,<br><br>Debtors. / | CASE No. 25-51814 CMP<br><br>CHAPTER 11<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER |

David Nyle Chandler, P.C. (hereinafter "Applicant") submits the within Memorandum of Points and Authorities in Support of its Application to Employ Attorney Under General Retainer [Doc. # 72] and in response to the Order Regarding Application to Employ David Nyle Chandler P.C. as Bankruptcy Counsel [Doc. # 76]:

FACTUAL BACKGROUND:

The within case was filed by voluntary Petition under Chapter 11 of the Code on November 20, 2025. Doc. # 1. The Order authorizing employment of Meyer Law Group, LLP was entered on December 29, 2025. Doc. # 25. The Debtors were divorced in Utah on or about December 16, 2025. Doc. # 77-3 at p.164. On September 2, 2026, the Substitution of Attorneys, which substituted Daniel W. Chudleigh in the place and stead of Meyer Law Group, LLP, was filed. Doc. # 66. The Order Denying Application to Employ Daniel W. Chudleigh was

entered on September 8, 2026. Doc. # 69. The Court denied the Application to Employ Mr. Chudleigh on the basis that he is not disinterested as required by § 327(a) of the Code due to his being the brother-in-law of Anne Harmsen Butler. Id.

The Application to Employ David Nyle Chandler, P.C. Under General Retainer was filed on September 23, 2026 (the "Application"). The Application requests retroactive employment to August 12, 2026 for services rendered at the behest of Mr. Butler while Applicant was unaware of the misadventure involving Daniel W. Chudleigh. Doc. # 72; Chandler Decl. The Order Regarding Application to Employ David Nyle Chandler P.C. as Bankruptcy Counsel was entered on September 27, 2026 [Doc. # 76] (the "Order").

The Order provided that the Application would be denied unless, by October 2, 2026, Applicant files a supplemental declaration and memorandum of points and authorities addressing (1) how or why the joint Debtors are represented by joint counsel, (2) potential connections or disinterestedness as to co-debtor Anne Harmsen Butler and (3) the requirements for nunc pro tunc relief, and also serves the Application and supplemental documents on creditors as provided in BLR 9014-1 [Doc. # 76]. As discussed below, the Application should be approved without delay.

## I. IN ORDER FOR COUNSEL TO BE DISINTERESTED WITHIN THE MEANING OF § 327(a) OF THE CODE, JOINT DEBTORS WHO ARE DIVORCED MUST BE REPRESENTED BY SEPARATE COUNSEL.

Chapter 11 debtors operate as debtors-in-possession and have a fiduciary duty to the bankruptcy estate. If spouses have competing financial interests, a single attorney cannot represent both due to the disinterestedness requirement of § 327(a) of the Code. That section provides:

> "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and *that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title."

11 U.S.C. § 327(a), emphasis added.

A person is disinterested who: "(a) is not a creditor, an equity security holder, or an insider; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) *does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any reason*." 11 U.S.C. § 101(14), emphasis added.

The term "adverse interest" is not defined in the Code. Courts have stated that adverse interests "exists when two or more entities possess or assert mutually exclusive claims to the same economic interest." In re Granite Sheet Metal Works, 159 B.R. 840, 845 (Bankr. S. Ill. 1993). In the Second Circuit, to determine whether an adverse interest exists, courts use an objective test involving a fact-specific inquiry. In re Doug Gross Constr., Inc., 2024 Bankr. LEXIS 1406, *4 (Bankr. W.D.N.Y. 2024). This objective test "precludes 'any interest or relationship, however slight, that would even faintly color the independence and impartial attitudes required by the Code and Bankruptcy Rules.'" Id. (internal citations omitted). In the Ninth Circuit, to represent an adverse interest is to serve as an attorney for an entity holding such an interest. See In re Tevis, 347 B.R. 679, 688 9th Cir. BAP 2006).

When a married couple goes through a divorce, their legal and

financial goals are fundamentally misaligned. In other words, a divorced couple has adverse interests. Accordingly, a single attorney cannot both represent divorced joint debtors and be disinterested within the meaning of § 327(a).

It is unclear at the present time whether Anne Harmsen Butler will retain substitute counsel to replace Mr. Chudleigh. If she does retain replacement counsel, Applicant is committed to communicating, cooperating and allocating tasks with such counsel to ensure that work is not duplicated. Chandler Decl. ¶ 12. Conversely, if she elects to proceed pro se, there will be no duplication of work.

## II. APPLICANT HAS NO CONNECTIONS TO CO-DEBTOR ANNE HARMSEN BUTLER.

As set forth in the Supplemental Declaration of David N. Chandler, Jr. in support of Application to Employ Attorney Under General Retainer, Applicant has no connections with Anne Harmsen Butler other than the representation of her ex-husband, William D. Butler, common electronic connections through internet service providers and telephone systems and perhaps having creditors in common, e.g., Pacific Gas and Electric Company, and IRS. Applicant holds no interest adverse to the estate in matters upon which Applicant is to be retained. Chandler Decl. ¶ 11.b.

## III. THE REQUIREMENTS FOR NUNC PRO TUNC RELIEF HAVE BEEN MET AND APPLICANT'S EMPLOYMENT SHOULD BE AUTHORIZED RETROACTIVE TO AUGUST 12, 2026.

Bankruptcy courts in the Ninth Circuit possess the equitable power to approve retroactively a professional's valuable but unauthorized services. Retroactive approval should be limited to situations in which "exceptional circumstances" exist. To establish the presence of exceptional circumstances, professionals seeking

retroactive approval must satisfy two requirements: they must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner. In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995).

In the present case, Applicant and Debtor William D. Butler agreed on August 12, 2026 that Applicant would represent Mr. Butler in this case. Chandler Decl. ¶¶ 4-6. Applicant immediately started reviewing documents and communicating with Brent D. Meyer to ensure a smooth transition. Chandler Decl. ¶ 7. Upon receiving the retainer trust deposit, Applicant began working on the case to protect the interests of Mr. Butler and the estate. Chandler Decl. ¶¶ 9-10.

Mr. Butler approved the entry of retroactive employment. Doc. # 72. Applicant promptly transmitted the Application to the United States Trustee as required by Bankruptcy Rule 2014(a) and the United States Trustee did not object. Chandler Decl. ¶¶ 9, 11.d. Applicant satisfied all the criteria for employment pursuant to § 327(a). Doc. # 72; Chandler Decl. The work was performed by Applicant properly, efficiently, and to a high standard of quality. Chandler Decl. ¶¶ 7, 9-10. No actual or potential prejudice will inure to the estate or other parties in interest, particularly given that the retainer trust deposit was a gift from a third party. Doc. # 72. Applicant satisfactorily explained the inability to seek pre-employment approval. Chandler Decl. ¶¶ 6-10. Finally, Applicant exhibited no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals. Chandler Decl. ¶¶ 11.c., 11.d. For these reasons, Applicant’s employment should be authorized nunc

pro tunc to August 12, 2026.[1]

**IV. APPLICANT COMPLIED WITH THE NOTICE REQUIREMENT OF BANKRUPTCY RULE 2014 AND THE APPLICATION TO EMPLOY APPLICANT UNDER GENERAL RETAINER SHOULD BE APPROVED WITHOUT DELAY.**

Bankruptcy Rule 2014(a)(2) provides in relevant part: "The applicant must file the application and, except in a Chapter 9 case, must send a copy to the United States trustee." The application must state the following: (A) the need for the employment; (B) the name of the person to be employed; (C) the reasons for the selection; (D) the professional services to be rendered; (E) any proposed arrangement for compensation; and (F) to the best of the applicant's knowledge, all the person's connections with the debtor; creditors; any other party in interest; their respective attorneys and accountants; the United States trustee; and any person employed in the United States trustee's office. Fed.R.Bankr.P. Rule 2014(a)(2).

In this instance, Applicant complied with Bankruptcy Rule 2014 by transmitting the Application to the United States Trustee. Chandler Decl. ¶ 11.d. Applicant also complied with Rule 2014 by filing the Application which states the requisite facts. Doc. # 72.

Applicant seeks to substitute into this case which has been pending for 10-months. There are a number of time-sensitive matters requiring prompt attention, including the presentation of a motion for sale of real property [Chandler Decl. ¶ 10], timely completion of a sale prior to a secured creditor who obtained relief from stay foreclosing its Deed of Trust [Doc. # 64] and Bank of America's

---

[1] With respect to the court's comment in the Order [Doc. # 79] that the rationale offered by Applicant in the Application [Doc. # 72} for nunc pro tunc relief "makes little sense given the record [and Mr. Chudleigh being retained]", it stands to reason that the third party who paid the retainer Trust Deposit to Applicant preferred for his son-in-law, Mr. Chudleigh to represent the Debtors and made the decision for them, at least until Mr. Chudleigh's Application to Employ was denied.

Motion to Dismiss [Doc. # 73]. The interests of the Debtors and the estate will be irreparably harmed unless the Application is approved without delay given the precarious circumstances of the case. It is unreasonable to expect counsel to render services under threat of an application to employ being denied.

## CONCLUSION

Joint debtors who are divorced post-petition must have separate counsel in order for counsel to be disinterested within the meaning of § 327(a). Applicant has no connections to co-debtor Anne Harmsen Butler and holds no interest adverse to the estate in matters upon which it is to be retained. The requirements for nunc pro tunc relief have been met and Applicant’s employment should be authorized retroactive to August 12, 2026. Applicant complied with the requirements of Bankruptcy Rule 2014, Applicant is a “disinterested person” within the meaning of the Code and Applicant’s employment should be authorized without delay to prevent irreparable harm to the Debtors and the estate.

Respectfully submitted,

Dated: 9/30/2026

DAVID NYLE CHANDLER P.C.

By: *__/s/ David N. Chandler, Jr.__*
DAVID N. CHANDLER, JR.
Attorney for William D. Butler