**Entered on Docket**
**October 2, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**The following constitutes the order of the Court.**
**Signed: October 2, 2026**

Cara Masako Porter

**CARA MASAKO PORTER**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>WILLIAM DOKOS BUTLER and ANNE HARMSEN BUTLER,<br><br>Debtor(s). | Case No. 25-51814 CMP<br><br>Chapter 11 |

**ORDER DENYING EX PARTE MOTION FOR ORDER SETTING HEARING ON RECONSIDERATION OF NOTICE PROVISIONS IN ORDER REGARDING APPLICATION TO EMPLOY**

Co-Debtor William D. Butler ("Applicant") filed a document styled as *Ex Parte Motion for Order Setting Hearing on Reconsideration of Notice Provisions in Order regarding Application to Employ David Nyle Chandler P.C. as Bankruptcy Counsel* ("Application").[1] [2] The Order regarding Application to Employ David Nyle Chandler P.C. ("Sept. 25 Order") sets forth deficiencies in the Application to Employ Attorney under General Retainer and accompanying Affidavit of David N. Chandler, Jr. ("Employment

---

1 Dkt. 82.

2 While the document references reconsideration of notice provisions of the Sept. 25 Order, the document does not pray for "reconsideration" or reference any authorities applicable to "reconsideration" of a prior order. As such, the court treats this document as an *application* requesting a hearing date, and not a *motion* for reconsideration.

Application").[3] The Application requests (1) a hearing on October 2, 2026, on "the Order," and (2) the court vacate that portion of "the Order requiring 21 days notice to creditors under BLR 9014-1."[4] [5] For the reasons that follow, the court denies the relief requested in the Application.

# I. APPLICANT HAS FAILED TO PROVIDE THE INFORMATION REQUESTED IN THE SEPT. 25 ORDER

After entry of the Sept. 25 Order, Applicant filed a Supplemental Declaration of David N. Chandler, Jr. in Support of Application to Employ Attorney under General Retainer (Dkt. 80), a Memorandum of Points and Authorities in Support of Application to Employ Attorney under General Retainer (Dkt. 81), and the Application (collectively, "Supplemental Materials"). The Supplemental Materials do not cure all the deficiencies raised in the Sept. 25 Order.

## A. APPLICANT HAS FAILED TO ADEQUATELY ADDRESS HOW OR WHY THE JOINT DEBTORS ARE REPRESENTED BY SEPARATE COUNSEL

The Sept. 25 Order points out that the record is silent on (1) whether Anne Butler and her counsel agree to joint debtors having separate counsel, with Brent D. Meyer of Meyer Law Group, LLP representing Anne Butler and DAVID NYLE CHANDLER P.C. ("Chandler P.C.") representing William Butler;[6] (2) why separate counsel is necessary; and (3) how work will be shared or split between multiple counsel to avoid duplication of efforts.

---

[3] The Sept. 25 Order is Dkt. 76. The Employment Application is Dkt. 72.

[4] The Application defines "the Order" as "the Order regarding Application to Employ David Nyle Chandler P.C. as Bankruptcy Counsel, [ ] entered on September 27, 2026." Dkt. 82 at ¶ 7; *see also* Dkt. 81 at 2:10-12. The court did not enter an order on September 27, 2026. The court interprets the Application's and Supplemental Material's references to "the Order" to mean the order entered September 25, 2026, as Docket 76, which the court refers to herein as "the Sept. 25 Order."

[5] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, the Federal Rules of Bankruptcy Procedure, Rules 1001 to 9037, and the Bankruptcy Local Rules, BLR 1001-1 to 9050-1.

[6] The court's docket does not reflect termination of Brent D. Meyer of Meyer Law Group, LLP employment of as general bankruptcy counsel for Debtors in Possession nor has Mr. Meyer filed a motion to withdraw as counsel.

First, the only information addressing an agreement to separate counsel is an agreement between Applicant and Mr. Chandler.[7] The Supplemental Materials remain silent as to any position of Anne Butler, Mr. Meyer, or any potential alternate counsel for Anne Butler in this case.[8] Moreover, the Application essentially admits that counsel for Applicant has not made any efforts to communicate with Anne Butler or her purported counsel.

Second, the Supplemental Materials are deficient in the explanation of the need for separate counsel. On the one hand, the Supplemental Materials state that there is a conflict of interest between Applicant and Anne Butler. This statement is based on Mr. Chandler being advised of facts which potentially constitute a conflict of interest between Mr. Meyer and the Debtors, and a "problem that Mr. Meyer had by representing both Debtors."[9] [10] It is also based on Mr. Chandler's conclusory statement that "the joint Debtors require separate counsel due to their post-petition divorce,"[11] and the bare legal argument that "when a married couple goes through a divorce, their legal and financial goals are fundamentally misaligned. In other words, a divorced couple has adverse interests."[12]

On the other hand, the Application to Employ Chudleigh Law P.C. and Daniel W. Chudleigh (collectively, "Chudleigh") as counsel for both Debtors states that Applicant and Anne Butler "have advised proposed counsel that they presently share the objective

---

[7] Mr. Chandler declares, "it was agreed between Mr. Butler and I that I would substitute into the case as Mr. Butler's attorney, and further that co-debtor Anne Harmsen Butler would either be pro se in the case or she would retain her own counsel." Dkt. 80 at ¶ 6.

[8] While Mr. Chudleigh is not approved counsel for Anne Butler in this case, Applicant's position is that Anne Butler "is retained by counsel, Mr. Chudleigh." *See* Dkt. 80 at ¶ 11a; Dkt. 81 at 4:5-6. This position is inconsistent with the record. Applicant is ignoring the Order Denying Application to Employ Daniel W. Chudleigh as Bankruptcy Counsel. *See* Dkt. 69. Moreover, Chudleigh's employment application states, "Until the Court approves employment and the substitution of counsel becomes effective, existing counsel will remain counsel of record unless otherwise ordered." Dkt. 67 at p. 4:16-17.

[9] Dkt. 80 at ¶ 5.

[10] Any conflict between Debtors on the one hand, and Mr. Meyer on the other, is irrelevant to determining whether there is a conflict between Applicant and Anne Butler.

[11] Dkt. 80 at ¶ 11a.

[12] Dkt. 81 at 3:28-4:2.



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

of obtaining authority to sell their residence and thereafter evaluating and pursuing the appropriate administration or disposition of the bankruptcy case."[13] Debtors listed their joint address on the petition as 730 Mora Drive, Los Altos, CA ("Residence").[14] The only real property listed on Debtors' Schedule A/B is the Residence, in which both Applicant and Anne Butler have an interest.[15] The court has received no information regarding allocation or division of marital property through the divorce, including any potential agreements as to a division of Applicant's and Anne Butler's interests in the Residence. As such, it remains plausible that the joint Debtors continue to share the objective of obtaining authority to sell the Residence and administer the estate or dispose of the case, meaning that their legal and financial goals could be aligned, contrary to Applicant's arguments (which, notably, are unsupported by factual evidence).

It is possible that after the divorce was finalized, the former spouses' interests remained nonetheless aligned as of September 2, 2026 (the date of the application to employ Chudleigh), and that those interests diverged by September 23, 2026 (the date of the application to employ Chandler P.C.). However, this timeline does not comport with Mr. Chandler's declaration that he began work on Applicant's behalf alone as of August 12, 2026.[16] Nor have the Supplemental Materials provided an explanation of the opposing positions presented in Chudleigh's and Chandler P.C.'s employment applications. As such, the question regarding any need for separate counsel remains unanswered.

Third, the Application fails to adequately consider how work will be shared or split between multiple counsel. The Application indicates that Mr. Chandler has not communicated with Anne Butler or Mr. Meyer. Additionally, Applicant's argument that if Anne Butler elects to proceed *pro se*, there will be no duplication of work, is

---

[13] Dkt. 67 at ¶ 6.
[14] Dkt. 1 at p. 2.
[15] Dkt. 1 at p. 17.
[16] *See* Dkt. 80 at ¶¶ 4, 7.

unavailing.[17] While there might not be duplication of work by multiple attorneys, there could be a sharing or split of work between Mr. Chandler and Anne Butler. Since it appears there has been no contact with Anne Butler on this topic, the court is left wondering. In any event, this argument is speculative as Anne Butler is currently represented by Mr. Meyer. *See* footnotes 6 & 8.

### B. Applicant Has Failed to Adequately Address Potential Disinterestedness to the Estate

In response to the Sept. 25 Order's note that the Employment Application was silent as to any connections with Anne Butler, her creditors, or her attorney, the Supplemental Materials now attest that Mr. Chandler has no connection with Anne Butler, except than through counsel's representation of Applicant.[18] Notably, the Supplemental Materials reiterate that Mr. Chandler "holds no interest adverse to the estate *in matters upon which me and my office are to be retained.*"[19] However, neither the Employment Application or the Supplemental Materials describe the work for which Chandler P.C. is to be retained, other than as general counsel to represent *Applicant* before this court in this Chapter 11 case.[20] Information about the retention is especially important here, where *Applicant's interests* (for which Chandler P.C. is to be retained) are not necessarily the same as the *estate's interests*, yet Chandler P.C. would be employed as counsel or co-counsel for the estate.

### C. Applicant Has Failed to Adequately Explain the Overlap of the Timelines of Work between Chudleigh and Chandler P.C.

The Supplemental Materials convey that Applicant and Mr. Chandler agreed on August 12, 2026, that Chandler P.C. would represent Applicant in this case.[21] Nonetheless, on September 2, 2026, Debtors filed an application to employ Chudleigh

---

[17] Dkt. 81 at 4:9-10.
[18] Dkt. 80 at 4:20-24.
[19] Dkt. 4:25-26, emphasis added. *See also* Dkt. 72 at ¶ 3.
[20] Dkt. 72 at ¶ 2; Dkt. 80 at ¶ 3.
[21] Dkt. 80 at ¶¶ 4-6; Dkt. 81 at 5:6-8.

as their counsel.[22] Mr. Chandler attests that between August 12, 2026, and September 11, 2026 (the date Chandler P.C. received payment of the agreed retainer), he was completely unaware of the application to employ Chudleigh.[23]

In a footnote to the Memorandum of Points and Authorities in Support of the Employment Application, there is an overture that perhaps the third party who paid a retainer to Chudleigh for representation of both Debtors made the decision for them, with regard to representation.[24] [25] However, this theory (even if it was properly presented and supported by evidence) is belied by the presence of Applicant's signature on the application to employ Chudleigh.[26] Applicant knew what was happening during the window of time between August 12, 2026, and September 11, 2026, but the Supplemental Materials fail to present Applicant's position as to those events.

## II. CHANDLER P.C. COMMITTED TO NOTICING AND SERVING THE EMPLOYMENT APPLICATION

The Employment Application states, "to the best of Applicant's knowledge, DAVID NYLE CHANDLER P.C. will provide notice of the application to creditors and parties in interest and provide an opportunity for filing objections."[27] Further, Mr. Chandler declared, "DAVID NYLE CHANDLER P.C. will provide notice of the application to creditors and parties in interest and provide an opportunity for filing objections."[28]

Contrary to commitments presented in the Employment Application and Mr. Chandler's declaration, there is no certificate on the docket reflecting service and no notice with opportunity to object. As such, the Sept. 25 Order directed Chandler P.C. to

---

22 Dkt. 67.

23 Dkt. 80 at ¶ 8.

24 Dkt. 81 at p. 6, n.1.

25 The overture that a third party paid a retainer for joint Debtors' representation and that the third party made the decision for joint Debtors' as to who would represent them raises additional questions regarding who the true client(s) are.

26 Dkt. 67 at p. 5.

27 Dkt. 72 at 2:15-18.

28 Dkt. 72 at p. 6, ¶ 19.



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

follow through on the commitment the firm itself made: serve the documents on all creditors and parties in interest – including on Anne Butler – and accompany those documents with a notice with information on filing objections, including a deadline for same.[29] While the Application references "21 days notice," the Sept. 25 Order did not set a timeline or require a specific type of notice.[30]

In any case, Chandler P.C. committed to, and announced it would, serve the Employment Application on creditors and parties in interest with an opportunity for filing objections. The Sept. 25 Order directs Chandler P.C. to follow through on its own commitment.

## III. APPLICANT HAS NOT DEMONSTRATED A HEARING ON EXPEDITED TIME IS APPROPRIATE OR NECESSARY

Applicant filed this Application after hours, requesting a hearing to occur less than 48 hours later. While it is unclear whether the Application is intended to be a motion (as titled), in this instance it appears BLR 9006-1 (which address enlargement or shortening of time) applies. Specifically, BLR 9006-1(c) states, "absent exigent circumstances, any motion shall be heard on at least 72 hours notice to the respondent." Requests for changing time shall be accompanied by a declaration stating the reason for the particular enlargement or shortening of time requested, among other things. BLR 9006-1(c)(1). Additionally, where the request is not made by stipulation, the declaration shall also include a description of the efforts made to speak with the respondent and, if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request. BLR 9006-1(c)(4).

First, the Application does not specifically describe any exigent circumstances warranting an expedited hearing. The reasons proffered are that the following matters are time sensitive and need prompt attention: presentation of a motion for sale of real

---

29 Dkt. 76 at p. 5.

30 The Sept. 25 Order referenced BLR 9014-1, which has two applicable subparts. Movants may serve a Notice of Hearing in accordance with BLR 9014-1(b)(2), or a Notice and Opportunity for Hearing in accordance with BLR 9014-1(b)(3). The two processes have different timelines for objections.



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

property, timely completion of a sale prior to a secured creditor who obtained relief from stay foreclosing its Deed of Trust, and Bank of America's Motion to Dismiss.[31] Assuming the referenced "real property" is the Residence and that the "timely completion of a sale" refers to Applicant's efforts to sell the Residence, the Application fails to explain the status of the secured creditor's efforts to foreclose, including whether a Notice of Default or Notice of Sale have been served or recorded, whether a foreclosure sale is imminent, and whether Applicant's representative(s) have been in contact with the secured lender regarding the possibility that Applicant sell the Residence such that the secured lender does not need to incur fees and expenses in doing so.[32] Further, Bank of America's Motion to Dismiss is currently set for hearing on October 23, 2026, a date more than three weeks into the future. The descriptions provided for these matters do not rise to the level of *exigent circumstances*.

Second, the request for an expedited hearing is not by stipulation, nor is it accompanied by a description of any efforts Applicant's proposed counsel made to speak with any creditor or interested party regarding a request to hold a hearing on the Employment Application on expedited time. At the very least, Anne Butler is entitled to notice and an opportunity to object to employment of counsel for the bankruptcy estate of which she is a Debtor in Possession. Yet neither the Employment Application nor any of the Supplemental Materials include a certificate of service, and there is no indication that those documents were served on Anne Butler or Mr. Meyer.

## IV. CONCLUSION

For the foregoing reasons, the Application requesting (1) a hearing on October 2, 2026, on the Sept. 25 Order, and (2) the court vacate that portion of the Sept. 25 Order requiring Applicant to serve the Employment Application in accordance with BLR 9014-1 are DENIED.

---

[31] Dkt. 82 at ¶ 9.

[32] The Application is also silent as to communications with co-debtor in possession Anne Butler regarding the timing or efforts to sell the Residence.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED.

***** END OF ORDER *****

**COURT SERVICE LIST**

Anne Harmsen Butler
730 Mora Drive
Los Altos, CA 94024

Electronically mailed to ECF registered participants