David N. Chandler, Jr. SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 528-4331

Attorney for William D. Butler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 25-51814 CMP |
| WILLIAM DOKOS BUTLER and ANNE HARMSEN BUTLER, | CHAPTER 11 |
| Debtors. / | SECOND SUPPLEMENTAL DECLARATION OF DAVID N. CHANDLER, JR. IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER |

I, David N. Chandler, Jr., declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. I am an attorney duly licensed to practice before all courts in the State of California.

3. My office was retained by William D. Butler, debtor herein, to represent him in the within Chapter 11 case.

4. This Second Supplemental Declaration is intended to address the Order Denying Ex Parte Motion for Order Setting Hearing on Reconsideration of Notice Provisions in Order Regarding Application to Employ which was entered on October 2, 2026 [Doc. # 83] (the “Order”).

a. In terms of ‘whether Anne Butler and her counsel

agree to joint debtors having separate counsel, with Brent D. Meyer of Meyer Law Group, LLP representing Anne Butler and DAVID NYLE CHANDLER P.C. ("Chandler P.C.") representing William Butler,' I obtained and filed a Substitution of Attorneys [Doc. # 70], wherein Daniel W. Chudleigh explicitly consented to the substitution. Furthermore, I discussed this matter at length with Brent D. Meyer, and he explicitly and repeatedly consented to my representation of Mr. Butler. Mr. Meyer and I discussed the Debtors' post-petition divorce and why neither Mr. Meyer nor any other attorney can properly represent both Debtors given the inherent disparity of interests between the divorced couple. My understanding of Mr. Meyer's perspective is that he believes there is an actual conflict of interest. Although the result is exactly the same, my perspective is that there is a potential conflict of interest, but not an actual conflict for many of the reasons cited in the Order, most notably that both Debtors have the same interest and objectives in selling the real property. However, it is also my view that an attorney is not disinterested within the meaning of § 327(a) and § 101(14) if they simultaneously represent two debtors with materially adverse interests, whether the competing interests constitute a present and actual conflict or a remote and potential conflict. I have no idea where the court got the notion that I never spoke with Mr. Meyer about my office representing Mr. Butler. The Supplemental Declaration in Support of Application to Employ Attorney Under General Retainer [Doc. # 80] specifically addresses my communications with Mr Meyer.

b. As to "why separate counsel is necessary," Mr. Meyer

unequivocally stated to me on multiple occasions that he believes that he is out of the case and does not represent either debtor. I asked, and Mr. Meyer will not sign a Substitution of Attorneys because he thinks that he is already out of the case. Mr. Chudleigh's Application to Employ was denied and, according to the Order, that means that Mr. Chudleigh does not represent either Debtor. As a result of the foregoing, as a practical matter, neither Debtor is currently represented by counsel. More to the point raised by the court in the Order, it is necessary for at least one of the Debtors to have counsel in the case and, due to the disinterestedness requirements of the Code and the adverse interests of the divorced Debtors, they cannot be represented by the same attorney. As a consequence, it is either necessary for the Debtors to either have separate counsel or for one of the Debtors to be represented by counsel while the other is pro se.

c. As to "how work will be shared or split between multiple counsel to avoid duplication of efforts", that is a non-issue if - as Mr. Butler, Mr. Meyer and presumably Ms. Harmesen Butler think - only Mr. Butler has counsel. Otherwise, it's really quite simple: if both Debtors are represented by their own counsel (which is required to comply with the disinterestedness requirement of § 327(a)), then the parties' respective attorneys would need to regularly communicate and delegate tasks as needed to avoid a duplication of efforts. They would also need to address the allocation of work when a fee request is made under § 330.

5. I agreed to take on the representation of Mr. Butler in this case because I think that at least one of the Debtors needs

counsel to move the Chapter 11 case forward to protect the interests of the Debtor(s) and the bankruptcy estate. I believe that I am well qualified to represent Mr. Butler herein.

6. I believe the court's analysis conflates conflict of interest issues with the disinterestedness requirement under § 327(a). In my opinion, the disinterestedness requirement under § 327(a) is more nuanced and stringent than the requirements of CRPC 1.7 and, in any event, a conflict of interest cannot be waived by a debtor in possession because of their fiduciary duties.

7. The employment of professionals is a matter governed by Bankruptcy Rule 2014, which only requires transmittal of an application to the United States Trustee. I complied with Rule 2014. The Order creates an untenable situation, and one where I cannot be expected to personally finance the representation of the Debtor or the estate while I wait for my employment to be approved after giving notice under BLR 9014-1.

8. A shared objective by the Debtors to obtain authority to sell their residence is not mutually exclusive with there being material potential and/or actual conflict(s) of interest precluding a finding of disinterestedness under § 327(a).

Executed under penalty of perjury this 2nd day of October, 2026 at Sonoma County, California.

*/s/ David N. Chandler, Jr.*
DAVID N. CHANDLER, JR.

Case: 25-51814 Doc# 84 Filed: 10/02/26 Entered: 10/02/26 16:04:29 Page 4 of 4