David N. Chandler, Jr. SBN 235427
DAVID NYLE CHANDLER P.C.
1747 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 528-4331

Attorney for William D. Butler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 25-51814 CMP |
| WILLIAM DOKOS BUTLER and ANNE HARMSEN BUTLER, Debtors. / | CHAPTER 11 |
| | DECLARATION OF WILLIAM D. BUTLER IN SUPPORT OF APPLICATION TO EMPLOY ATTORNEY UNDER GENERAL RETAINER |

I, William D. Butler, declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. I am one of the Debtors in the above-entitled proceeding.

3. This declaration is offered in support of the Application to Employ Attorney Under General Retainer of David N. Chandler, Jr. and David Nyle Chandler P.C. and, in particular, Mr. Chandler's request to have his employment approved retroactive to August 12, 2026. I consent to the retroactive employment to August 12, 2026, and I don't believe that any party would suffer prejudice as a result of it, largely because the work Mr. Chandler performed was necessary and beneficial, and also because the retainer trust deposit he received came from my former father-in-law as opposed to

property of the bankruptcy estate.

4. I contacted Mr. Chandler on August 12, 2026 after I was referred to him by my prior attorney, Brent D. Meyer. I recall speaking to Mr. Chandler several times on that day, once when I initially contacted him and at least once after he reviewed the docket in the case and spoke with Mr. Meyer about the case. On the same day, I expressed to Mr. Chandler that I intended to retain his office for this Chapter 11 case and a retainer trust deposit would be provided at the time we executed a Contract for Legal Services. Mr. Chandler expressed that he was willing to accept the representation on the agreed terms. We discussed a number of time sensitive matters in the case.

5. Thereafter, I spoke by telephone with Steve Harmsen, who is my former father-in-law and the father of joint-debtor Anne Harmsen Butler. Mr. Harmsen previously agreed to gift the retainer trust deposit specifically for attorney’s fees incurred by me in the case. Mr. Harmsen expressed to me that he thought that the cost of legal representation might be less if I instead retained my former brother-in-law, Daniel Chudleigh, who is an attorney. I deferred to Mr. Harmsen because it was his money, so I reluctantly agreed to give Mr. Chudleigh the opportunity to qualify as my attorney.

6. I did not tell Mr. Chandler about Mr. Chudleigh’s involvement until Mr. Harmsen paid the retainer trust deposit to Mr. Chandler on September 11, 2026 and Mr. Chandler inquired about Mr. Chudleigh after reviewing the docket for the case.

7. At all relevant times, including on August 12, 2026, when I first contacted Mr. Chandler, I wanted to retain his office to be

Case: 25-51814 Doc# 105 Filed: 11/10/26 Entered: 11/10/26 12:48:57 Page 2 of 3

general counsel in the Chapter 11 case. It is regrettable that the decision was made to try and get Mr. Chudleigh qualified because his relation to Anne Harmsen Butler precluded the court's authorization of his employment, as well as Mr. Chudleigh's limited experience with bankruptcy matters.

8. It is my belief that the time expended by Mr. Chandler on the case was necessary for him to familiarize himself with the facts of the case and also to get started on the motion to sell real property after I informed him that the real property located at 730 Mora Dr., Los Altos, CA 94024-6616 was the subject of a purchase/sale contract.

9. The reason that Mr. Chandler was unable to earlier request judicial approval for his employment in this case was that the retainer trust deposit was paid to him nearly a month after I expressed to him that I wanted to retain him and we agreed that he should begin working on the matter given the time sensitive nature of certain aspects of the case. I do not believe that he would have been in a position to request judicial approval for his employment anytime sooner than he did.

Executed under penalty of perjury this 6th day of November, 2026 at Santa Clara County, California.

*/s/ William D. Butler*
WILLIAM DOKOS BUTLER